JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-9560 PA (Ex) | Date | December 5, 2012 |
|---|---|---|---|
| Title | Terry Bower v. Wincor-Nixdorf, Inc. | | |

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| Paul Songco | Not Reported | N/A |
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:** IN CHAMBERS - COURT ORDER

Before the Court is a Notice of Removal filed by defendant Wincor-Nixdorf, Inc. ("Defendant") on November 7, 2012. This is the second time that Defendant has filed a Notice of Removal of the action brought against it by plaintiff Doris Price ("Plaintiff"). The first Notice of Removal, filed on August 10, 2012, asserted that this Court has jurisdiction over the matter based on the Court's diversity jurisdiction. See 28 U.S.C. § 1332. On August 20, 2012, this Court remanded the action to Santa Barbara Superior Court after concluding that Defendant had failed to allege sufficient facts to establish this Court's jurisdiction.

Federal courts are courts of limited jurisdiction, having subject matter jurisdiction only over matters authorized by the Constitution and Congress. See, e.g., Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377, 114 S. Ct. 1673, 1675, 128 L. Ed. 2d 391 (1994). A suit filed in state court may be removed to federal court if the federal court would have had original jurisdiction over the suit. 28 U.S.C. § 1441(a). A removed action must be remanded to state court if the federal court lacks subject matter jurisdiction. 28 U.S.C. § 1447(c). "The burden of establishing federal jurisdiction is on the party seeking removal, and the removal statute is strictly construed against removal jurisdiction." Prize Frize, Inc. v. Matrix (U.S.) Inc., 167 F.3d 1261, 1265 (9th Cir. 1999). "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992).

Defendant's second Notice of Removal, filed on November 7, 2012, consists solely of a caption page denominated as a "Notice of Removal" and 13 exhibits. The Notice of Removal contains no allegations concerning the Court's purported basis of jurisdiction or compliance with the procedural requirements for the removal of an action to federal court. In the absence of any allegations in the Notice of Removal concerning the basis for the Court's jurisdiction, the Court concludes that Defendant has failed to meet its burden to establish this Court's subject matter jurisdiction. See Kanter v. Warner-Lambert Co., 265 F.3d 853, 857 (9th Cir. 2001) ("Absent unusual circumstances, a party seeking to invoke diversity jurisdiction should be able to allege affirmatively the actual citizenship of the relevant

**JS-6**

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-9560 PA (Ex) | Date | December 5, 2012 |
|---|---|---|---|
| Title | Terry Bower v. Wincor-Nixdorf, Inc. | | |

parties."); Bradford v. Mitchell Bros. Truck Lines, 217 F. Supp. 525, 527 (N.D. Cal. 1963) ("A petition [for removal] alleging diversity of citizenship upon information and belief is insufficient.").

  By failing to include any allegations concerning the asserted basis for the Court's citizenship or the satisfaction of the procedural requirements for removal, Defendant's Notice of Removal is insufficient to invoke this Court's jurisdiction.

  Therefore, Defendant has failed to meet its burden to demonstrate the Court's jurisdiction. Accordingly, the Court remands this action to Santa Barbara Superior Court, Case No. 1401990. See 28 U.S.C. § 1447(c).

  IT IS SO ORDERED.